UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT EHRLICH, SALVATORE REALE,
and GARY PRUSINSKI, on behalf of
themselves and all other similarly situated

   Plaintiffs,            Case No.: 8:16-cv-03532-T-24TGW

vs.

RICH PRODUCTS CORPORATION,

   Defendant.
_____/

## ORDER

Plaintiffs initiated this action under the Fair Labor Standards Act against Defendant, Rich Products Corporation ("RPC"), on December 30, 2016 seeking compensation for unpaid overtime. (Doc. 1). In the Complaint, Plaintiffs purport to represent a nationwide collective of RPC employees who were similarly situated to Plaintiffs and were not paid overtime compensation. (Doc. 1, ¶15). On January 26, 2017, RPC filed its Motion for Transfer of Venue requesting that this action be transferred to the Western District of New York, where RPC is headquartered, pursuant to 28 U.S.C. § 1404(a). (Doc. 13). Plaintiffs filed a Memorandum in Opposition to the Motion for Transfer of Venue on February 2, 2017. (Doc. 18).

In Plaintiffs' Memorandum in Opposition, Plaintiffs assert that they "are agreeable to limiting the scope of the FLSA collective action to the Southeast United States if necessary to prevent a transfer to [the Western District of New York]." (Doc. 18, ¶13). Plaintiffs later assert in their Memorandum as follows: "Here, none of the Plaintiffs or opt-in plaintiffs will be from,

or anywhere remotely close to, [the Western District of New York]. Instead, they will be from Florida and the surrounding southeastern United States." (Doc. 18, p.10).

It is unclear to the Court based on Plaintiffs' allegations whether the parties have agreed to a resolution of the Motion for Transfer of Venue by limiting the proposed collective to the southeastern United States. RPC is directed to file a reply to Plaintiffs' Opposition by February 21, 2017 indicating whether such an agreement has been reached and, therefore, the Motion for Transfer of Venue should be denied as moot.

Moreover, to the extent such an agreement has not been reached, it is not clear to this Court whether Plaintiffs are actually limiting their proposed collective to RPC employees in the southeastern United States. If Plaintiffs are in fact limiting their proposed collective as such, they are directed to file an Amended Complaint by February 21, 2017 so indicating.[1] If not, this Court will analyze the Motion for Transfer of Venue based on the nationwide collective proposed in Plaintiffs' Complaint. If Plaintiffs do amend their Complaint and limit the proposed collective to the southeastern United States, this will change the analysis regarding the Motion for Transfer of Venue and RPC's Motion will be denied without prejudice with leave to refile based on the limited collective.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of February, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

---

[1] The Court would also note that to the extent that the parties agree to limit the collective or the Plaintiffs file an amended complaint, the Parties shall specify which individual states are included within the limited collective.