UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT EHRLICH, SALVATORE REALE,
and GARY PRUSINSKI, on behalf of
themselves and all other similarly situated

    Plaintiffs,                                    Case No.: 8:16-cv-03532-T-24TGW

vs.

RICH PRODUCTS CORPORATION,

    Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant's motion to transfer venue to the Western District of New York. (Doc. 13), Plaintiffs' opposition to the motion, (Doc. 18), and Defendant's reply to Plaintiffs' opposition (Doc. 29). For the reasons given below, Defendant's motion is **DENIED**.

**I.    Background**

Plaintiffs, each a resident of Florida, initiated this collective action under the Fair Labor Standards Act against Defendant, Rich Products Corporation, on December 30, 2016 seeking compensation for unpaid overtime. (Doc. 1). In the initial complaint, Plaintiffs alleged that Defendant uniformly misclassified its Route Sales Representatives ("RSRs") as exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). (Doc. 1, ¶ 9). Plaintiffs sought to recover unpaid overtime compensation and minimum wages owed to Plaintiffs and all others similarly situated who are or were employed by Defendant (Doc. 1, ¶ 11). Moreover, Plaintiffs indicated in the initial complaint that the "additional persons who

1

may become plaintiffs in this action are employees *nation-wide* who held positions similarly situated" to Plaintiffs. (Doc. 1, ¶ 15) (emphasis added).

On January 26, 2017, Rich Products filed its motion to transfer venue pursuant to 28 U.S.C. § 1404(a), requesting that this action be transferred to the Western District of New York, where Defendant is headquartered. (Doc. 13). Plaintiffs filed a memorandum in opposition to the motion to transfer venue on February 2, 2017. (Doc. 18). In Plaintiffs' memorandum in opposition, Plaintiffs asserted that they were "agreeable to limiting the scope of the FLSA collective action to the [s]outheast United States if necessary to prevent a transfer to [the Western District of New York]." (Doc. 18, ¶13). Plaintiffs later asserted that "[h]ere, none of the Plaintiffs or opt-in plaintiffs will be from, or anywhere remotely close to, [the Western District of New York]. Instead, they will be from Florida and the surrounding southeastern United States." (Doc. 18, p.10).

It was unclear to the Court based on Plaintiffs' representations in their opposition whether the parties had agreed to a resolution of the motion to transfer venue by limiting the proposed collective to the southeastern United States. (Doc. 22). The Court directed Defendant to file a reply to Plaintiffs' opposition, indicating whether such an agreement had been reached and, therefore, whether the motion to transfer venue should be denied as moot. (Doc. 22). Moreover, to the extent such an agreement had not been reached, it was not clear to the Court whether Plaintiffs were in fact limiting their proposed collective in an attempt to avoid transfer. (Doc. 22). The Court ordered Plaintiffs, if they were in fact limiting their proposed collective, to file an amended complaint defining the limited collective. (Doc. 22). The Court further indicated that if Plaintiffs limited their proposed collective, Defendant's motion to transfer venue would be denied without prejudice with leave to refile based on the limited collective. (Doc. 22).

On April 21, 2017, Plaintiffs filed their amended complaint in which they limited their proposed collective to similarly situated individuals "employed by Defendant as RSRs *in the state of Florida*." (Doc. 30, ¶11). While the Court previously indicated that the motion to transfer would be denied without prejudice if Plaintiffs limited their proposed collective, Defendant filed a reply arguing that even if Plaintiffs limited their proposed collective, the action should be transferred to the Western District of New York. (Doc. 29). Accordingly, the Court will proceed to address the motion to transfer venue on the merits.

**II.     Analysis**

    **a.  Standard of Review**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Omega Patents, LLC v. Lear Corp.*, No. 6:07–cv–1422–Orl–35DAB, 2009 WL 1513392, at *2 (M.D. Fla. May 27, 2009) (citing *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988)).

The determination of whether to transfer venue under § 1404(a) is subject to a two-step analysis. *See Nat'l Trust Ins. Co. v. Penn. Nat'l Mut. Cas. Ins. Co.*, Case No. 3:16-cv-695-J-34PDB, 2016 WL 7197397, at *3, ___F. Supp. 3d ___ (M.D. Fla. Dec. 9, 2016). The Court must first determine whether the alternative venue is one where the action could originally have been brought. *Id.* Then, the Court must assess "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." *Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000). The party seeking transfer has the burden of establishing that the transferee forum is more convenient and that transfer is appropriate. *Reliastar Life Ins.*

3

*Co. v. Damon*, No. 2:16-cv-304-FtM-29CM, 2016 WL 4254088, at *2 (M.D. Fla. Aug. 12, 2016).

### b. Sufficiency of the Proposed Venue

Although Plaintiffs do not consent to transfer, they do not dispute that this action could have originally been brought in the Western District of New York. "Ordinarily the Court would independently verify that the proposed transferee court would have jurisdiction and offer a proper venue." *See Nat'l Trust Ins. Co.*, 2016 WL 7197397, at *4 (citing *Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1280 (M.D. Fla. 2015)). However, because for the reasons set forth below the Court finds that Defendant has failed to satisfy its burden regarding its transfer request, the Court will assume that this action could have been brought in the Western District of New York.

### c. The Fairness and Convenience Factors Weigh Against Transfer

The Eleventh Circuit has stated that nine fairness and convenience factors should be considered when evaluating whether a transfer would serve the convenience of the parties and witnesses, and would be in the interests of justice:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

### i. The Convenience of the Parties and Witnesses

In its motion to transfer venue, Defendant states that because Plaintiffs allege that Defendant misclassified RSRs "knowingly and intentionally," the key witnesses in this case will be representatives of Defendant's management. Thus, Defendant argues that this factor favors transfer because all of the witnesses involved in setting the RSR compensation structure and determining FLSA classification for RSRs were employed at Defendant's headquarters in Buffalo, New York. Defendant states not only would it be highly inconvenient for these witnesses to travel to Florida, but the sheer number of witnesses and their positions as senior managers would impose an undue burden on Defendant.[1]

Moreover, Defendant asserts in its reply that it has discovered that the Motor Carrier Act Exemption to the overtime requirements of the FLSA "will readily be established" and "dispose of all claims" in this matter. (Doc. 29, pg. 2). Because, according to Defendant, the discovery, witnesses, and data related to this defense will all focus on persons, computer data and information only available at its headquarters, the Western District of New York is a more appropriate venue.

Plaintiffs, in contrast, argue that the relevant inquiry in determining whether an RSR qualifies for an FLSA exemption is the RSR's actual day-to-day job functions—an inquiry that will focus on Plaintiffs, their co-workers and immediate supervisors who are located within the Middle District of Florida. Further, Plaintiffs indicate that these same individuals are important witnesses in determining the hours worked by Plaintiffs and, therefore, the amount of any unpaid overtime.

---

[1] Defendant also argues that the majority of the prospective opt-in plaintiffs reside in the northeast and mid-Atlantic regions of the United States. Because Plaintiffs have now limited their proposed collective to RSRs in Florida, this argument is no longer persuasive.

As indicated by the parties, there are important witnesses in this matter located both in the Middle District of Florida and the Western District of New York. Plaintiffs and any prospective opt-in plaintiff and their immediate supervisors are located in Florida while Defendant's management is located in the Western District of New York. One side will necessarily be inconvenienced by having to litigate this case outside of its home forum. Where, as here, transferring this matter to the Western District of New York would merely shift the inconvenience from one party's witnesses to the other, Plaintiffs' choice of forum should remain. *Eye Care Int'l, Inc.* 119 F. Supp. 2d at 1319 (citation omitted); *see also Sapa Precision Tubing Rockledge, LLC v. Tex-Mex Recycling, LLC*, Case No: 6:16-cv-22-Orl-31KRS, 2016 WL 3917491, at *8 (M.D. Fla. July 20, 2016) ("'Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.'" (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964)). Moreover, "transfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party." *Sapa Precision Tubing*, 2016 WL 3917491, at *8 (citation omitted). Defendant has not demonstrated that the convenience of the parties and witnesses is a factor that supports transfer. Accordingly, this factor weighs against transfer.

### ii. The Location of Relevant Documents and the Relative Ease of Access to Sources of Proof

Defendant asserts that this factor favors transfer because all of the relevant records, although maintained in electronic form, are located in Defendant's computer system at its headquarters. Moreover, Defendant notes that the employees of Defendant with the skills necessary to access, search and produce these records in a useful form are all located at its corporate headquarters. Plaintiffs counter that because all of this information is stored electronically, it can be transmitted at almost no cost to the location of litigation. The Court agrees

with Plaintiffs. "'[M]odern technology largely neutralizes traditional obstacles in providing relevant documents and access to proof,' thereby reducing the significance of this factor." *Sec. Capital Holdings, LLC v. Money Source, Inc.*, No. 6:13-cv-1018-Orl-36KRS, 2013 WL 5566071, at *5 (M.D. Fla. Oct. 8, 2013) (quoting *Watson v. Cmty. Educ. Ctrs., Inc.,* Case No. 2:10–cv–778–36SPC, 2011 WL 3516150, at *2 (M.D. Fla. Aug.11, 2011)). This factor is therefore neutral.

### iii. The Weight Accorded to Plaintiffs' Choice of Forum

A plaintiff's choice of forum is generally entitled to significant weight, and it "should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation and internal quotations marks omitted). Defendant argues that Plaintiffs' choice of forum—the Middle District of Florida—should be given little weight because this action was filed as a collective action. While it is true that the appropriateness of a plaintiff's choice of forum is weakened when the plaintiff represents a class or collective, *see Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947), Plaintiffs here have filed an amended complaint limiting their proposed collective to RSRs employed in the state of Florida. (*See* Doc. 30). Plaintiffs chose to file this action in Florida, where they reside, and the collective, if certified, will include only Florida employees of Defendant. Thus, this factor weighs against transfer to the Western District of New York.

### iv. The Locus of Operative Facts

Defendant contends that the locus of operative facts is in the Western District of New York because the decision to classify RSRs as exempt from the overtime requirements of the FLSA—the alleged FLSA violation—was made at Defendant's headquarters in Buffalo, New York. Plaintiffs, on the other hand, contend that the locus of operative facts is where the RSRs performed

7

work for which he or she was not properly paid. Indeed, there is no single locus of operative facts: rather the facts arose both in Florida, where Plaintiffs and any member of the collective were employed, and in Buffalo, New York, where Defendant is headquartered and made compensation decisions. Thus, this factor is neutral.

### v.  The Relative Means of the Parties

This factor militates against transfer because Plaintiffs' means are obviously limited as compared to a privately-held corporation which operates across the east coast of the United States. (*See Affidavit of Janice Horn*, Doc. 13-1, ¶¶ 5-6). Defendant argues that this factor is neutral at best because should Plaintiffs' prevail, they are entitled to an award of attorneys' fees and costs pursuant to the FLSA. However, Defendant has cited no case law to support this argument, and the Court is not persuaded that the potential for Plaintiffs to recover attorneys' fees neutralizes the obvious discrepancy between the relative means of the parties. Moreover, the Court is not persuaded by Defendant's argument that due to the advent of electronic filing and the ability to attend court hearings telephonically, litigating this case in the Western District of New York would cause little or no additional cost and expense to Plaintiffs. This factor therefore weighs against transfer.

### vi.  The Forum's Familiarity with Governing Law

Plaintiffs' single claim in this action is a federal claim for violation of the FLSA. Both the Middle District of Florida and the Western District of New York are familiar with the applicable law. Thus, this factor is neutral.

### vii. The Remaining Factors

Defendant does not address the remaining factors—the availability of process to compel the attendance of unwilling witnesses and trial efficiency and the interests of justice, based on the totality of the circumstances. Plaintiffs argue that the interest of justice disfavors transfer because Defendant does business in Florida and has employees in Florida. The Court finds that these factors are at best neutral.

### viii. Conclusion

Defendant bears the burden of establishing that the transferee forum is more convenient and that transfer is appropriate. As explained above, none of the factors weigh in favor of transfer and, in fact, three of the factors weigh against transfer. Defendant has therefore failed to meet its burden of establishing that transfer to the Western District of New York is appropriate. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion to transfer venue to the Western District of New York is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of May, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge